# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RONALD HUCK and PEGGY HUCK, Individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PHILADELPHIA CONSOLIDATED HOLDING CORP. D/B/A PHILADELPHIA INSURANCE COMPANIES, and PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>Defendants. | Civil Action No.: 1:19-CV-3336-AT |

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS CLASS ACTION COMPLAINT

Defendants, Philadelphia Consolidated Holding Corp. d/b/a Philadelphia Insurance Companies ("Philadelphia Consolidated") and Philadelphia Indemnity Insurance Co. ("Philadelphia Indemnity") and collectively with Philadelphia Consolidated, ("Defendants" or "Philadelphia") hereby files this brief in support of their motion to dismiss Plaintiffs' Complaint [DE 1-2], under Federal Rule of Civil Procedure 12.

## I.     INTRODUCTION

Plaintiffs assert that Defendants breached a commercial insurance policy issued by Philadelphia Indemnity (the "Policy," a copy of which is attached to the Complaint as Exhibit A) by failing to pay supposed "diminished value" in connection with a property damage claim.[1] Plaintiffs purport to sue on their own behalf and on behalf of a class of first-party insureds under policies issued by Defendants who have made certain types of property damage claims within the last six (6) years.  Plaintiffs allege claims for breach of contract (Count I), declaratory and injunctive relief (Count II), and attorney's fees (Count III).

Plaintiffs' claims fail for several independent reasons.  First, Plaintiffs are not insureds under the Policy.  The named insureds are a condominium association and a neighborhood association.  There is no allegation as to which of these associations, if any, Plaintiffs belong, and no identification of any policy provisions that would give Plaintiffs any direct rights against the insurer.  Plaintiffs therefore are not in privity with Philadelphia and thus lack standing to sue.

---

[1] Because Plaintiffs attached a copy of the Policy to their Complaint, the Court may consider the terms of that Policy on this Motion to Dismiss.  *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016).  Further, where Plaintiffs' allegations contradict the Policy, the Policy controls. *Id.* ("A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls.") (citing *Simmons v. Peavy–Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir.1940)).

Second, Plaintiffs' home is not an insured property under the property coverages of the Policy.  The Policy covers direct physical loss to certain condominiums located in a condominium complex in Smyrna, Georgia (the "Complex").  *See* Compl., Ex. A.  The Policy lists the covered condominiums by address. Plaintiffs' address is not listed, and thus loss to Plaintiffs' property is not covered under the first-party property coverages of the Policy.[2]

Third, and in a similar vein, Plaintiffs' complaint does not identify what specific provisions of the 150-page Policy were allegedly breached.  They have thus failed to state a claim for breach of contract.  *Brooks v. Branch Banking & Tr. Co*., 107 F. Supp. 3d 1290, 1296 (N.D. Ga. 2015).

Fourth, Plaintiffs' claims are in any event barred by the contractual limitations period in the Policy.  The Policy requires an insured to file suit, if at all, within two (2) years after discovering the loss.  Plaintiffs allege that the relevant loss occurred on January 7, 2014, but they did not file suit until June 20, 2019, more than 5 years

---

[2] Plaintiffs property appears to be a townhome and not a condominium unit.  As residents of the area, Plaintiffs may have had a third-party property damage claim against one or both of the named insureds, for which third-party liability coverage was available, but that would not give Plaintiffs any direct rights against the insurer.  *See McGill v. Am. Trucking & Transportation, Ins. Co*., 77 F. Supp. 3d 1261, 1264–65 (N.D. Ga. 2015) (quoting *Hartford Ins. Co. v. Henderson & Son, Inc*., 258 Ga. 493, 371 S.E.2d 401 (1988)) ("The general rule in Georgia is that 'a party may not bring a direct action against the liability insurer of the party who allegedly caused the damage unless there is an unsatisfied judgment against the insured or it is specifically permitted either by statute or a provision in the policy.'").  Given the inadequate allegations of the Complaint, it is impossible to tell precisely what Plaintiffs' coverage theory is.

later.  Thus, their claims are time barred.  For at least these independent reasons, all Plaintiffs' claims against Defendants should be dismissed in their entirety.[3]

Fifth, Plaintiffs' claims for declaratory and injunctive relief fail because the Complaint does not establish any likelihood of future injury and any past injury is fully compensable in damages.

Finally, Plaintiffs' claims against Philadelphia Consolidated should be dismissed because Philadelphia Consolidated did not issue the Policy.  It has no relationship to Plaintiffs or any contractual obligations thereto.  Plaintiffs thus lack standing to assert any claim against Philadelphia Consolidated.

## II.    STATEMENT OF FACT

This lawsuit arises from the Policy--commercial insurance policy, no. PHPK996169--issued by Philadelphia Indemnity.  *See* Compl., Ex. A.  The Policy lists two named insureds: Ivy Walk at Vinings Neighborhood Association, Inc. (the neighborhood association for the community in which Plaintiffs' residence is located) and Ivy Walk at Vinings Condominium Association, Inc. (the condominium association for the community in which Plaintiffs' residence is located).  *See* Compl.,

---

[3] Because Plaintiffs fail to state a claim for relief with respect to their own claims, any Class allegations are also insufficient and thus should be dismissed with the remainder of the Complaint. *McNulty v. Fed. Hous. Fin. Agency*, 954 F. Supp. 2d 294, 303 (M.D. Pa. 2013) ("The court's finding that the plaintiff's complaint fails to state a claim upon which can be granted disqualifies the plaintiff as a proper class representative and effectively moots the question of whether to certify the action as a class action"); *see also Town of Gulf Stream v. O'Boyle*, No. 15-80182-CIV, 2015 WL 3970612, at *5 (S.D. Fla. June 30, 2015) (granting each Defendants' Motion to Dismiss Class Action Complaint in its entirety).

Exhibit A at 12 of 202 (Named Insured Schedule); *see also id.* at 125 of 202. ("Throughout this Coverage Form the words 'you' and 'your' refer to the Named Insured shown in the Declarations.").  The Policy is attached as Exhibit A to the Complaint.  It is apparent from the face of the Policy that Plaintiffs are not listed as named insureds.  The Complaint does not identify which of the named insured Associations, if any, Plaintiffs claim membership in, nor does the Complaint identify any Policy provision that would give Plaintiffs direct rights under the Policy.  *See id.*[4]

Moreover, although Plaintiffs allege that their home, located at 2275 Falmouth Court SE, Smyrna, Georgia 30080, was covered by the Policy at all times relevant to the Complaint, the Policy does not list Plaintiffs' address as a covered property.  *See* Compl., Ex. A at 10-11 and 32-37 of 202 (listing addresses not including 2275 Falmouth Court SE, Smyrna, Georgia 30080).

Finally, the Policy provides that "[n]o one may bring a legal action against us under this Coverage Part unless: . . . The action is brought within 2 years after the

---

[4] The Policy explicitly distinguishes between the insureds and homeowners, stating "[w]e *may* adjust the 'loss' with the owners of lost or damaged property if other than you. If we pay the owners, such payments will satisfy your claims against us for the owners' property. We will not pay the owners more than their financial interest in the Covered Property."  Compl., Ex. A at p. 141 of 202 (emphasis added).

date on which the direct physical loss or damage occurred." Compl., Ex. A at p. 122 of 202.

Plaintiffs allege that on or about January 7, 2014, their home suffered a water loss that was covered under the Policy. Compl. ¶ 20. Plaintiffs further allege that Defendants failed to assess for or pay supposed "diminished value" arising out of that loss. Compl. ¶ 24. Plaintiffs filed this lawsuit on June 20, 2019, more than 5 years after they suffered the 2014 loss, seeking to represent themselves and a class of similarly situated individuals. *See* Compl. Plaintiffs assert claims for breach of contract, declaratory judgment, and attorney's fees under O.C.G.A. § 13-6-11.

## III. ARGUMENT AND CITATION OF AUTHORITY

### A. Plaintiffs lack standing because they are not insured under the Policy.

Plaintiffs lack standing to sue because they are not party to the Policy. "As a general rule, an action on a contract, whether the contract is expressed, implied, by parol, under seal, or of record, shall be brought in the name of the party in whom the legal interest in the contract is vested, and against the party who made it in person or by agent." O.C.G.A. § 9-2-20(a). Here, the Policy lists two named insureds: Ivy Walk at Vinings Neighborhood Association, Inc. and Ivy Walk at Vinings Condominium Association, Inc. *See* Compl., Exhibit A at 12 of 202. It does not list

Plaintiffs as insureds, nor does the Complaint identify any provisions of the 150-page policy that confer any direct rights on Plaintiffs.

In *Auto Owners Ins. Co. v. Southwest Nut Co*., 564 F. App'x 1002 (11th Cir. 2014), the Eleventh Circuit addressed a similar issue.  There, a fire damaged a warehouse owned by the plaintiff.  The plaintiff sued its tenant and the tenant's property insurer, noting that the lease required the tenant to maintain insurance on the warehouse for the benefit of the owner.  The court ruled that the owner lacked standing to sue the insurer because it was not an intended beneficiary of the policy, reasoning that "[a] plaintiff is not a third-party beneficiary if a policy only incidentally covers his property." *Id.* at 1005.  The court further noted that even though the tenant's policy "may occasionally provide coverage for property actually owned by another individual, the policy is intended to protect the insured," even where the insured is required to maintain insurance by a property owner. *Id.*

Here, as in *Southwest Nut*, the Policy protects the insured homeowners neighborhood association and condominium association.  It covers property owned by those insureds and, though it "may occasionally provide coverage for property actually owned by another individual," such individuals cannot sue directly under the Policy. *Sw. Nut Co.*, 564 F. App'x at 1005.  For these reasons, Plaintiffs lack standing and their claims should be dismissed.

7

**B.     Plaintiffs' breach of contract claim fails because they do not allege that Defendants breached any specific provision of the Policy or provide sufficient facts to determine coverage or breach.**

Even if Plaintiffs had standing (which they do not) their claims would fail because they do not sufficiently plead a breach of the Policy.[5]  "A plaintiff asserting a breach of contract claim must allege a particular contractual provision that the defendants violated to survive a motion to dismiss." *Brooks v. Branch Banking & Tr. Co*., 107 F. Supp. 3d 1290, 1296 (N.D. Ga. 2015) (quoting *Anderson v. Deutsche Bank Nat'l Trust Co*., No. 1:11–cv–4091–TWT–ECS, 2012 WL 3756512, at *5, 2012 U.S. Dist. LEXIS 122130, at *14 (N.D. Ga. Aug. 6, 2012) (citing *Am. Casual Dining, L.P. v. Moe's Sw. Grill*, LLC, 426 F.Supp.2d 1356, 1370 (N.D. Ga.2006)); *see also Alexander v. Bank of Am., N.A*., No. 2:13–CV–00067, 2014 WL 106349, at *3–4, 2014 U.S. Dist. LEXIS 2907, at *23–24 (N.D. Ga. Jan. 10, 2014); *See Allstate Ins. Co. v. ADT*, LLC, No. 1:15-CV-517-WSD, 2015 WL 5737371, at *7 (N.D. Ga. Sept. 30, 2015) (dismissing claim for breach of contract where plaintiff did not identify provision of policy allegedly breached); *Patel v. Capital One Fin. Corp.*, No. 118CV03430LMMJFK, 2019 WL 2714507, at *10 (N.D. Ga. Apr. 17, 2019)

---

[5] Although Plaintiffs also assert counts for declaratory and injunctive relief (Count II) and attorneys' fees (Count III), those claims are derivative of their breach of contract claim and thus must be dismissed if the breach of contract claim fails.  *Espinoza v. Countrywide Home Loans Servicing, L.P*., No. 14-20756-CIV, 2014 WL 3845795, at *7 (S.D. Fla. Aug. 5, 2014) (claim for injunctive relief is not separate, independent claim).

(recommending dismissing breach of contract claim where plaintiff did not identify provisions of contract allegedly breached).

Simply put, Plaintiffs must plead facts to establish a plausible, not merely conceivable, claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, Plaintiffs must provide Defendants and the Court "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Here, Plaintiffs fail to meet this standard. They do not cite any specific provision of the Policy that they claim Defendants breached. *See Brooks*, 107 F. Supp. 3d at 1296 (complaint must allege specific provision of contract that was breached to survive motion to dismiss). Nor do they allege any facts that would establish their status as insureds, their interest in the Policy, or the coverages that may be applicable to their claims.

This is no mere technicality. The Policy appended to Plaintiffs' Complaint is a 150-page document that provides various property, liability, and other coverages.[6] It contains numerous endorsements, exclusions, and exceptions that may apply (or not apply) to the named insured (one a condominium association; the other a

---

[6] The Policy specifically lists the addresses of the covered properties. *See* Compl., Ex. A at 10-11 and 32-37 of 202. Plaintiffs home--2275 Falmouth Court SE, Smyrna, Georgia 30080--does not appear among the addresses listed.

neighborhood association) and/or to others, depending upon the specific provision or provisions of the Policy under which Plaintiffs seek relief.

But Plaintiffs' do not identify those provisions.  They do not state what coverage or condition in the Policy obligates Defendants to pay alleged "diminished value" under the facts alleged in the Complaint.  They do not identify the coverages under which they claim to be a first-party "insured" under the Policy.  They do not state whether they are claiming coverage under (1) the property damage coverages in the Condominium Endorsement to the policy, which may or may not apply depending on whether Plaintiffs are unit owners and whether the Condominium Association by-laws require the Association to procure certain insurance;[7] or (2) the general third-party liability provisions of the policy;[8] or (3) some other coverage or endorsement.  Defendants and the Court are left to speculate as to Plaintiffs' theory of liability and the Policy provisions that govern that theory.  Thus, the Complaint fails to state a claim and should be dismissed in its entirety.  *See Allstate,* 2015 WL 5737371, at *7 ("Plaintiff does not identify what Contract provision was allegedly breached, and for this reason, Plaintiff's Complaint, as currently plead, fails to state a claim for breach of contract and is required to be dismissed.").

---

[7] *See* Compl., Ex. A pp. 180-182 of 202 (Condominium Association Endorsement).
[8] *See id.* pp. 58-73 of 202 (Commercial General Liability Coverage Form).

**C.    Even if Plaintiffs were insured under the Policy, their claim is barred by the contractual limitations period in the Policy.**

Even if Plaintiffs had standing (they do not) and even if their home was covered under the Policy (it is not), their claim would be barred by the contractual limitations period in the Policy.  Specifically, the Policy provides that "[n]o one may bring a legal action against us under this Coverage Part unless: . . . The action is brought within 2 years after the date on which the direct physical loss or damage occurred." Compl., Ex. A at p. 122 of 202.

Here, Plaintiffs allege that the loss occurred on or about January 7, 2014. Compl. ¶ 20.  They did not bring a legal action until June 20, 2019, more than 5 years later.  For that reason, the contractual limitation period bars Plaintiffs' claims.

To the extent Plaintiffs contend that Philadelphia Indemnity waived the contractual limitations period, Plaintiffs' argument fails.  No waiver of the contractual limitation period is pleaded in Plaintiffs' Complaint, nor are any facts pleaded from which waiver could be inferred. "[W]aiver [of the contractual limitation provision]. . . may result when the insurance company's 'investigations, negotiations, or assurances . . . up to and past the period of limitation . . . led the insured to believe the limitation would not apply.'" *Suntrust Mortg., Inc. v. Georgia Farm Bureau Mut. Ins. Co*., 416 S.E.2d 322, 324 (Ga. Ct. App. 1992).  "[M]ere silence is not sufficient to establish a waiver unless there is an obligation to speak."

*Jordan v. Flynt*, 240 Ga. 359, 366, 240 S.E.2d 858, 863 (1977). Here, there is no allegation that Defendants made any representation that would lead Plaintiffs to believe Defendants would pay diminished value.

### D. Independently, Plaintiffs' declaratory judgment claim fails because it does not state a claim of actual controversy.

Plaintiffs' second claim for relief seeks a declaratory judgment,[9] that "Defendants breached the Policies of insurance covering Plaintiffs' and Class members' properties by failing to assess for, and pay for, diminished value." Compl., Prayer for Relief, subpart D. This request is based on Plaintiffs' allegation that Defendants "as a common policy and general business practice, fail to make [a diminished value] an assessment, and subsequently fail to pay for or deny diminution in value." Compl. ¶ 44. Because Plaintiffs' breach of contract claim fails for the reasons discussed above, their declaratory judgment claim also fails.

Independently, however, Plaintiffs have not alleged an actual and ongoing controversy required to obtain declaratory relief. To sustain a claim for a declaratory

---

[9] To the extent Count II also seeks injunctive relief, it is merely derivative of Plaintiffs' claim for breach of contract in Count I. *Espinoza v. Countrywide Home Loans Servicing, L.P.*, No. 14-20756-CIV, 2014 WL 3845795, at *7 (S.D. Fla. Aug. 5, 2014) (quoting *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1127 (11th Cir.2005) ("[A]ny motion or suit for either a preliminary or permanent injunction must be based upon a cause of action .... There is no such thing as a suit for a traditional injunction in the abstract."). As set forth *surpa*, Plaintiffs' cannot assert a claim for breach of contract because they are not parties to the Policy, their home is not covered under the Policy, and, even if they were, their claim would be time barred. Moreover, any alleged injury here can be compensated in damages, so Plaintiffs cannot establish that their remedy at law is in any way inadequate. *See Alabama*, 424 F.3d at 1127 (injunction unavailable unless no legal remedy exists). Thus, Plaintiffs' claim for injunctive relief also fails.

judgment, the Complaint must "show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Theni Guru Krishna Textile Mills (P), Ltd. v. World's Glob. Source*, LLC, No. 1:15-CV-1855-TWT, 2016 WL 278795, at *1 (N.D. Ga. Jan. 21, 2016) (internal quotations omitted). Further, "for a declaratory judgment action to be a justiciable case or controversy, [t]here must be a substantial likelihood that [the Plaintiff] will suffer *future injury*: a 'perhaps' or 'maybe' chance is not enough." *Id.* (quotations and citations omitted, emphasis added).

Plaintiffs make no attempt to allege any likelihood of a future injury. *See Theni Guru*, 2016 WL 278795 at *1. To the contrary, Plaintiffs contend that Defendants failed to pay diminished value *in the past*. Plaintiffs do not allege, or even speculate, that they will suffer any injury in the future or that a declaratory judgment is necessary to guide their future conduct. For that independent reason, Count II should be dismissed.

To the extent Count II also seeks injunctive relief, it is merely derivative of Plaintiffs' claim for breach of contract in Count I and fails for the same reasons. *Espinoza v. Countrywide Home Loans Servicing, L.P.*, No. 14-20756-CIV, 2014 WL 3845795, at *7 (S.D. Fla. Aug. 5, 2014) (quoting *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1127 (11th Cir. 2005) ("[A]ny motion or suit for either a

preliminary or permanent injunction must be based upon a cause of action .... There is no such thing as a suit for a traditional injunction in the abstract.").  Moreover, any alleged injury here can be compensated in damages, so Plaintiffs cannot establish that their remedy at law is in any way in any way inadequate.  *See Alabama*, 424 F.3d at 1127 (injunction "is available not simply when the legal right asserted has been infringed, *but only* when that legal right has been infringed by an injury for which there is no adequate legal remedy and which will result in irreparable injury if the injunction does.") (emphasis added).  That is fatal to their request for injunctive relief.

For all these reasons, Plaintiffs' count for declaratory judgment and injunctive relief must be dismissed.

### E.    Plaintiffs' claim for attorneys' fees cannot stand alone and thus must be dismissed.

Because Plaintiffs have failed to state a claim under either their breach of contract or declaratory judgment counts, the claim for attorneys' fees must also be dismissed.  *Brooks v. Branch Banking & Trust Co.*, 107 F. Supp. 3d 1290, 1303 (N.D. Ga. 2015) ("Because the Court dismisses Plaintiff's complaint in its entirety, any claims for litigation expenses or punitive damages also fail"); *see also Anderson v. Deutsche Bank Nat. Trust Co.*, No. 1:11-CV-4091-TWT-ECS, 2012 WL 3756512,

at *11 (N.D. Ga. Aug. 6, 2012) (finding that if the substantive claims are dismissed, the claims for attorneys' fees and expenses must also be dismissed).

### F. Philadelphia Consolidated did not issue the Policy and has no contractual relationship with Plaintiffs.

All Plaintiffs' claims should be dismissed for the reasons set forth above. Plaintiffs' claims against Philadelphia Consolidated, however, should be dismissed for yet another intendent reason: Philadelphia Consolidated did not issue the Policy Plaintiffs contend was breached.  To have standing to assert a claim, the alleged harm must be "fairly traceable to the challenged action of the defendant[.]"  *Spokeo, Inc.*, 136 S. Ct. at 1547 (emphasis added).

Plaintiffs' claims arise from a Policy issued by Philadelphia Indemnity.  *See* Compl., Ex. A (listing Philadelphia Indemnity as party).  Philadelphia Consolidated is not party to the Policy.  It did not--and cannot--breach a contract to which it is not a party and under which it therefore had no obligation to perform.  Nor can Philadelphia Consolidated be said to have caused the alleged injury Plaintiffs allege. Thus, Plaintiffs lack standing to sue Philadelphia Consolidated, because a judgment against it would not redress Plaintiffs' claimed injury.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiffs' Complaint should be dismissed in its entirety.

This 30th day of July, 2019.

By: */s/ Jeffrey A. Zachman*
Jeffrey A. Zachman
Georgia Bar No. 254916
**DENTONS US LLP**
303 Peachtree Street, NE. Suite 5300
Atlanta, GA 30308
Telephone:    (404) 527-4000
Facsimile:    (404) 527-4198
jeff.zachman@dentons.com

Richard L. Fenton
*(pro hac vice forthcoming)*
**DENTONS US LLP**
233 South Wacker Drive, Suite 5900
Chicago, IL  60606-6462
Telephone:    (312) 876-8000
Facsimile:    (312) 876-7934
richard.fenton@dentons.com

*Attorneys for Defendants*
*Philadelphia Consolidated Holding*
*Corp. d/b/a Philadelphia Insurance*
*Companies and Philadelphia Indemnity*
*Insurance Company*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| RONALD HUCK and PEGGY HUCK, Individually and on behalf of all those similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>PHILADELPHIA CONSOLIDATED HOLDING CORP. D/B/A PHILADELPHIA INSURANCE COMPANIES, and PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>        Defendants. | Civil Action No.: 1:19-CV-3336-AT |

## RULE 5.1(B) CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that the foregoing and all other filings related to the subject motion have been prepared using one of the font and point selections approved in certificate of compliance with Local Rule 5.1(B), NDGa.

This 30th day of July, 2019.

/s/ Jeffrey A. Zachman
Jeffrey A. Zachman

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing upon all counsel of record by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage thereon addressed to:

> David M. Cohen
> Complex Law Group, LLC
> 40 Powder Springs Street
> Marietta, GA  30064
>
> Hank Bates *(pro hac vice pending)*
> David Slade *(pro hac vice pending)*
> Carney Bates & Pulliam, PLLC
> 519 W. 7th Street
> Little Rock, AR  72201

This 30th day of July, 2019.

> */s/ Jeffrey A. Zachman*
> Jeffrey A. Zachman