IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RONALD HUCK and PEGGY HUCK,
individually and on behalf of all those
similarly situated,

     Plaintiffs,

              v.

PHILADELPHIA INDEMNITY INSURANCE
COMPANY,

     Defendant.

Civil Action No.
1:19-cv-03336-SDG

## OPINION AND ORDER

This matter is before the Court on Defendant Philadelphia Indemnity Insurance Company's (Philadelphia) motion to dismiss [ECF 31]. For the reasons stated below, Philadelphia's motion is **GRANTED IN PART** and **DENIED IN PART**.

## I.  BACKGROUND

The following facts are treated as true for purposes of this motion.[1] Plaintiffs Ronald and Peggy Huck are the owners of real property located on Falmouth

---

[1]  *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1274 (11th Cir. 1999) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.").

Court S.E., Smyrna, Georgia.[2] On January 7, 2014, Plaintiffs' home suffered water and other damage.[3] Plaintiffs reported the damage to Philadelphia, claiming their home was covered by commercial insurance policy number PHPK996169 (the Policy).[4] Philadelphia accepted Plaintiffs' claim and paid certain costs to repair the home.[5] Although Philadelphia authorized repairs to the home, Plaintiffs allege the fair market value of their home diminished due to the damage.[6] Plaintiffs allege Philadelphia breached the Policy and Georgia law by failing to assess for or pay the diminished fair market value of their home.[7]

Plaintiffs initiated this putative class action against Philadelphia in the State Court of Cobb County on June 20, 2019.[8] Philadelphia removed the action on July 23, 2019.[9] On March 19, 2020, the Court granted Philadelphia's first motion to

---

[2]   ECF 30, ¶ 6.

[3]   *Id.* ¶ 2.

[4]   *Id.*

[5]   ECF 30, ¶¶ 36–37.

[6]   *Id.* ¶¶ 38–41.

[7]   ECF 30, ¶ 4.

[8]   ECF 1, at 7–8.

[9]   *Id.* at 2.

dismiss and permitted Plaintiffs leave to file an Amended Complaint.[10] On April 2, 2020, Plaintiffs filed the operative Amended Complaint, asserting claims for breach of contract (Count I), declaratory and injunctive relief (Count II), and attorneys' fees (Count III).[11] On April 23, 2020, Philadelphia filed its second motion to dismiss.[12] Plaintiffs filed a response in opposition to Philadelphia's motion on May 7.[13] Philadelphia filed a reply on May 21.[14]

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) provides for the dismissal of a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*,

---

[10]   ECF 27.

[11]   ECF 30, at 2.

[12]   ECF 31.

[13]   ECF 33.

[14]   ECF 34.

550 U.S. 544, 555 (2007)). A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

This pleading standard "does not require detailed factual allegations." *Id.* However, it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. A complaint providing "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" will not do. *Id.* Although the "plausibility standard is not akin to a probability requirement at the pleading stage," it demands "enough fact to raise a reasonable expectation that discovery will reveal evidence of the claim." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (citing *Twombly*, 550 U.S. at 556).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). This principle, however, is inapplicable to legal conclusions or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 ("Rule 8 marks a notable and

generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

## III.   DISCUSSION

Plaintiffs' claims are premised on Philadelphia's alleged failure to assess and pay for the diminution in value of their real property.[15] In *State Farm Mutual Automobile Insurance Company v. Mabry*, the Georgia Supreme Court held that, in the context of an automobile insurance policy, a covered "loss" includes—unless contrarily defined in the policy—the diminution in the automobile's value, which the insurer must assess for and pay. 274 Ga. 498, 508 (2001) ("[T]he insurance policy, drafted by the insurer, promises to pay for the insured's loss; what is lost when physical damage occurs is both utility and value; therefore, the insurer's obligation to pay for the loss includes paying for any lost value."). *See also Morrow v. Allstate Indem. Co.*, No. 5:16-cv-137 (HL), 2020 WL 1696226, at *2 (M.D. Ga. Apr. 7, 2020) ("In *Mabry*, the Georgia Supreme Court found that State Farm's automobile insurance policy obligated it to pay and assess for diminution in value as an element of loss along with the loss attributed to physical damage when a

---

[15]   The Court previously held that Georgia law governs this dispute [ECF 27, at 6–7].

policyholder makes a general claim of loss."). In *Royal Capital Development LLC v. Maryland Casualty Company*, the Georgia Supreme Court clarified that the *Mabry* rule extended to insurance policies covering real property. 291 Ga. 262, 267 (2012) ("We see no reason to limit our holding in *Mabry* to automobile insurance policies and we thus answer the primary question posed by the Eleventh Circuit Court of Appeals in the affirmative: The *Mabry* rule applies to the insurance contract at issue in this case.").

In its motion, Philadelphia argues all of Plaintiffs' claims must be dismissed because they are barred by a suit limitation period in the Policy. Philadelphia additionally argues that Plaintiffs' claim for injunctive and declaratory relief is insufficient as a matter of law. The Court addresses each of Philadelphia's arguments in turn.

### A.    Plaintiffs' Claims Are Not Time Barred.

Philadelphia argues Plaintiffs' claims are precluded by a two-year suit limitation period in the Policy. In the Amended Complaint, Plaintiffs allege the damage to their home is covered by the Policy's UltimateCover section.[16] This section incorporates a Form Schedule listing twenty-one separate forms and

---

[16]   ECF 30, ¶¶ 24–25.

endorsements that govern coverage.[17] One such form is entitled: "Commercial Property Conditions."[18] This form contains the following provision: "No one may bring a legal action against us under this Coverage Part unless . . . the action is brought within 2 years after the date on which the direct physical loss or damage occurred."[19] Pursuant to this provision, Philadelphia argues Plaintiffs' claims are time barred because the alleged loss occurred on January 7, 2014, but Plaintiffs did not initiate this action until over five years later on June 20, 2019.

At the outset, Plaintiffs contend that the Commercial Property Condition form—and its accompanying two-year suit limitation provision—is wholly inapplicable because this suit concerns *residential* property, not *commercial* property. According to Plaintiffs, they did not purchase the Commercial Property Condition form and it is not incorporated into the Policy's UltimateCover section.

Under Georgia law, "[a]n insurance policy is a contract and subject to the ordinary rules of contract construction, and the parties are bound by its plain and unambiguous terms." *Am. Strategic Ins. Corp. v. Helm*, 327 Ga. App. 482, 485 (2014) (citing *Hurst v. Grange Mut. Cas. Co.*, 266 Ga. 712, 716 (1996)). If the language of an

---

[17]   ECF 30-1, at 40.

[18]   *Id*.

[19]   ECF 30-1 at 123.

insurance policy is clear and unambiguous, the Court must enforce it according to its plain terms. *E.g.*, *Cincinnati Ins. Co. v. Magnolia Estates, Inc.*, 286 Ga. App. 183, 185 (2007) ("In Georgia, insurance is a matter of contract, and the parties to an insurance policy are bound by its plain and unambiguous terms. If the language in the contract is unambiguous, we will enforce the policy as written.") (citations omitted). Plaintiffs here request coverage under the UltimateCover section. That section unambiguously lists the Commercial Property Conditions form as "*applying* to this Coverage Part and *made a part of this policy* at the time of issue."[20] Indeed, Plaintiffs seek to enforce various forms incorporated into the UltimateCover section that are favorable to their claims, while simultaneously disclaiming the applicability of other, less helpful, forms. Plaintiffs' position is contrary to the Policy's plain language and Georgia law. *See Fid. Nat. Title Ins. Co. of New York v. OHIC Ins. Co.*, 275 Ga. App. 55, 57 (2005) ("The contract is to be considered as a whole and each provision is to be given effect and interpreted so as to harmonize with the others."). Therefore, Plaintiffs' argument is unavailing; the Policy expressly incorporates the Commercial Property Conditions form into the UltimateCover section and the two-year suit limitation period is applicable.

---

[20]   ECF 30-1, at 40 (emphasis added).

Plaintiffs, nonetheless, argue Philadelphia waived its right to invoke this provision as a defense. As a general rule, a time limitation provision in an insurance contract is valid and enforceable. *Morrill v. Cotton States Mut. Ins. Co.*, 293 Ga. App. 259, 261–62 (2008) (collecting cases). *See also Thornton v. Ga. Farm Bureau Mut. Ins. Co.*, 287 Ga. 379, 380 (2010)). But an insurer may waive its right to rely on such a provision when it "leads the insured by its actions to rely on its promise to pay, express or implied." *Auto-Owners Ins. Co. v. Ogden*, 275 Ga. 565, 566 (2002). For example, an insurer waives a contractual suit limitation period if it "never denied liability, but continually discussed the loss with its insured with a view toward negotiation and settlement without the intervention of a suit." *Id.* Waiver is often—but not always—a question of fact not well suited for resolution at the motion to dismiss stage. *Id. See also Impac Funding Corp. v. Amica Mut. Ins. Co.*, No. 1:12-cv-873-RWS, 2013 WL 1136860, at *4 (N.D. Ga. Mar. 18, 2013) ("[T]he Court cannot rule as a matter of law that the contractual limitations period is an absolute bar to the claims raised in the Complaint. On the contrary, the Court finds that issues of fact exist as to whether [the insurer] waived the limitations period.") (citation omitted). *Cf. Scottsdale Ins. Co. v. BPS Int'l, Inc.*, No. 4:15-cv-0180-HLM, 2017 WL 6618247, at *10 (N.D. Ga. Oct. 12, 2017) ("The case law addressing

what constitutes a waiver does not yield a simple, broadly applicable rule. Instead, the results are highly dependent on the specific facts of the case.").

In the Amended Complaint, Plaintiffs allege that Philadelphia accepted their claim as a covered loss, adjusted and authorized repairs, and made payments without assessing for—or denying the existence of—the diminution in value to the property.[21] According to Plaintiffs, Philadelphia assured them "that their claim was progressing toward conclusion without notifying Plaintiffs that Philadelphia would not assess for diminished value and either pay it or deny its existence."[22] Philadelphia allegedly "never indicated that any portion of [their] loss was not covered" and "led Plaintiffs to believe that their claim would be fully adjusted and that they would be paid for all covered losses."[23] Philadelphia, conversely, argues these allegations are insufficient to establish waiver. It contends that Plaintiffs "do not allege [it] did anything to induce them to delay filing suit" and Philadelphia's silence "cannot establish waiver."[24]

---

[21]   ECF 30, ¶¶ 42–45.

[22]   *Id*. ¶ 46.

[23]   *Id*. ¶¶ 47–48.

[24]   ECF 31-1, at 11–12.

Treating Plaintiffs' well-pled allegations as true, and construing all reasonable inferences in their favor, the Court finds Plaintiffs have alleged enough specific facts showing that Philadelphia waived the suit limitation period to withstand a motion to dismiss. The Court additionally finds persuasive that, in the wake of *Mabry* and *Royal Capital*, courts have rejected similar recitations of Philadelphia's argument by insurers in similar cases. *See Long v. State Farm Fire*, 272 F. Supp. 3d 1344, 1349 (M.D. Ga. 2017) (denying insurer's motion to dismiss because plaintiffs "allege that State Farm has been accepting coverage for claims and paying claims, communicating to its insureds what is purported to be a full disclosure of their coverage, but simply omitting any mention of diminished value. It is reasonable to infer that State Farm . . . did this to 'sleep' the claims through the limitations period. If this is proven true, it is clear under Georgia law that State Farm cannot now raise the limitations period in defense to these claims because it can be plausibly inferred that State Farm may have waived the one-year limitation"); *Morrow v. Allstate Indem. Co.*, No. 5:16-cv-137 (HL), 2017 WL 3495420, at *2 (M.D. Ga. Aug. 15, 2017) (denying insurer's motion to dismiss because plaintiffs "have adequately alleged facts to support their claim that Allstate waived the contractual limitations period").

Therefore, the Court finds that Plaintiffs' factual allegations are sufficient to state a facially plausible claim. The Court makes no finding at this preliminary stage as to whether Philadelphia ultimately waived the suit limitation provision. If discovery contradicts Plaintiffs' allegations, Philadelphia is permitted to reassert this argument on a motion for summary judgment.

### B.   Plaintiffs' Claim for Declaratory and Injunctive Relief (Count II)

Plaintiffs additionally seek (1) a judicial declaration that Philadelphia's alleged practice of failing to assess for diminished value violates Georgia law, and (2) an injunction—both retrospective and prospective—requiring Philadelphia to account for diminished value as an element of loss. Defendants argue both aspects of the claim fail as a matter of law.

### i.   Plaintiffs Have Not Sufficiently Alleged a Claim for Declaratory Relief.

Philadelphia argues that Plaintiffs' request for declaratory relief fails because they do not adequately allege a substantial likelihood of future injury. To survive dismissal, Plaintiffs "must allege facts from which it appears there is a substantial likelihood that [they] will suffer injury in the future." *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1346 (11th Cir. 1999) (citing *City of Los Angeles v. Lyon*, 461 U.S. 95, 102 (1983)). Plaintiffs must allege "a substantial continuing controversy," which requires "facts from which the continuation of the dispute

may be reasonably inferred." *Malowney*, 193 F.3d at 1347 (citing *Emory v. Peeler*, 756 F.2d 1547, 1551–52 (11th Cir. 1985)). Put another way, Plaintiffs must allege facts creating "a reasonable expectation that the injury they have suffered will continue or will be repeated in the future." *Id*. The alleged controversy "may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." *Id*.

In the Amended Complaint, Plaintiffs allege the following to show a substantial likelihood of future injury:

> [Plaintiffs'] property continues to be covered through Philadelphia and Plaintiffs *very much* anticipate a nontrivial likelihood that their home will suffer damage in the future, and that they will file a claim with Philadelphia. In that eventuality, Defendant will again fail to assess for and compensate for diminution in value absent the relief requested herein. . . .[25]

This sole, conclusory allegation—which the Court is not required to treat as true[26]—is too remote and speculative for Plaintiffs to state a facially plausible claim for declaratory relief. Plaintiffs allege no specific facts showing a substantial likelihood that Philadelphia will injure them in the future. For example, Plaintiffs only speculate that (1) their real property will sustain future damages; (2) they will

---

[25]   ECF 30, ¶ 69 (emphasis in original).

[26]   *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

submit another claim to Philadelphia; and (3) Philadelphia will subsequently fail to fully compensate them for their loss by not adjusting for or paying the diminution in value to the property. This sequence of events is too attenuated for Plaintiffs' claim to survive dismissal. *See Morrow*, 2017 WL 1196441, at *8 (holding, in substantially similar case, that since "[p]laintiffs have failed to allege any facts from which the Court could reasonably conclude that they will suffer future injury, the Court lacks jurisdiction to adjudicate their declaratory judgment claim").

### ii.   Plaintiffs Plausibly Allege a Claim for Retrospective—But Not Prospective—Injunctive Relief.

Philadelphia likewise contends the portion of Count II seeking injunctive relief fails as a matter of law. Philadelphia's argument is that Plaintiffs are not entitled to a retrospective injunction because they have an adequate remedy at law—the recovery of damages from their breach of contract claim—or a prospective injunction because their alleged future injury is too speculative.

Plaintiffs' allegations supporting their prospective injunctive claim fail for the same reasons as their request for declaratory relief: Plaintiffs fail to sufficiently allege a substantial likelihood of future injury. *Malowney*, 193 F.3d at 1346 (citing *Lyons*, 461 U.S. at 103). Regarding Plaintiffs' entitlement to a retrospective injunction, "[i]t is well-settled that equitable relief is available only in the absence

of an adequate remedy at law." *SME Racks, Inc. v. Sistemas Mecanicos Para, Electronica, S.A.*, 243 F. App'x 502, 503 (11th Cir. 2007). Although Plaintiffs' breach of contract claim survives dismissal, the Court cannot affirmatively determine at this preliminary stage that damages from that claim, if recoverable, will provide Plaintiffs with an adequate remedy at law. *See Mabry*, 274 Ga. at 509 (affirming injunction ordered by trial court "to require a party to perform contractual duties which the trial court has declared that party is obligated to perform"). *See also Morrow*, 2017 WL 1196441, at *7 ("Defendants' next argument, that Plaintiffs cannot seek equitable relief because they have an adequate remedy at law, is similarly unavailing. The Court cannot say at this point that Plaintiffs have an adequate remedy at law in the form of a damages award."). Philadelphia's argument is premature at this juncture. As such, Plaintiffs may proceed with Count II only to the extent it seeks a retrospective injunction.[27]

## IV.   CONCLUSION

Philadelphia's motion to dismiss [ECF 31] is **GRANTED IN PART and DENIED IN PART**. Plaintiffs may proceed on Counts I and III in their entirety, as

---

[27] Philadelphia additionally argues Plaintiffs' claim for attorneys' fees (Count III) must be dismissed because their breach of contract claim fails. Since the Court finds that Plaintiffs have pled a plausible claim for breach of contract, their attorneys' fees claim may likewise proceed.

well as on Count II to the extent it seeks a retrospective injunction. Count II is

**DISMISSED** as to any claim for a prospective injunction or declaratory relief.

Philadelphia shall file its Answer to the Amended Complaint within 14 days after

entry of this Order. The parties shall file their initial disclosures and a revised joint

proposed preliminary report within 14 days after Philadelphia files its Answer.

The discovery period shall commence 30 days after Philadelphia files its Answer.

SO ORDERED this the 16th day of October 2020.

Steven D. Grimberg
United States District Court Judge